USDC SDNY DOCUMENT ELECTRONICALLY FILED DATE FILED: 5/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SHIRLEY GRIFFIN,

Plaintiff,

-v.-

THE BRONX VETERANS MEDICAL CENTER.

Defendant.

---------------------------------------------------------------x

**ORDER**

08 Civ. 3637 (GBD)(GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge.**

The docket sheet in this action indicates that the amended complaint was filed on August 25, 2008. While a "return of service" form was filed (Docket #7), that form reflects that service was not properly made on the defendant. While the return of service form states that service was made on March 11, 2009, the form gives no explanation of the method of service other than to say, without elaboration, "work place with secretary." Following this statement is the name of the process server herself, suggesting that the process service was the "secretary" in question. The return also fails to identify at what location service was made.

Putting these failings aside, the form reflects a far more fundamental defect in service: namely, that service has not been made in accordance with the requirements of Fed. R. Civ. P. 4(i). That rule provides as follows:

> (i) **Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> (1) **United States**. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the

civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity**. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

269 days have elapsed since the filing of the amended complaint without proper service having been made. Service in this case is now untimely under Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . .

Accordingly, plaintiff must make prompt service of the summons and complaint on the defendant. If service is not made by June 22, 2009, or if no application is made in writing by such date to extend the time for service showing good cause for the failure to serve, this action may be dismissed.

Please be aware that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007 (Telephone: (212) 805-0175) may be of assistance in connection with court procedures.

SO ORDERED.

Dated: May 21, 2009
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy to:

Shirley Griffin
2545 Sedgwick Avenue Apt # 4C
Bronx, NY 10468